## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELLY ROSS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 26-2151-DDC-GEB** |
| **JOY CAMPANELLI, et al.,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Kelly Ross filed this action pro se.[1]  The Complaint consumes one page and names three defendants:  Joy Campanelli, Genine D. Edwards, and Brian Gottlieb.  The allegations are minimal—to say the least.  The Complaint contains just three numbered paragraphs and they allege, in their entirety, as follows:

1.  Defendants had ex parte communication,

2.  This case is within federal jurisdiction,

3.  Plaintiff demands damages to be decided by the Court.

Doc. 1 at 1.

These allegations fail to state a claim upon which relief can be granted.  The Complaint contains no factual allegations explaining who the defendants are, what authority they exercise, what specific duties they allegedly have failed to perform, or how any ex parte communication violated plaintiff's legal rights.  The pleading consists entirely of conclusory assertions, which is insufficient under Federal Rule of Civil Procedure 8.  Although Rule 8 does not require detailed

---

[1]      Plaintiff proceeds pro se.  The court construes pro se filings liberally and holds pro se litigants to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even liberally construing the Complaint, as the court must with pro se filings, the court cannot supply facts or construct a viable legal theory on plaintiff's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). The Complaint does not identify any statutory or constitutional basis for relief.

Plaintiff also has failed to show that the court has subject-matter jurisdiction. The party seeking to invoke federal subject-matter jurisdiction bears the burden of establishing that jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Mere conclusory allegations of jurisdiction are insufficient. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999). The basis for jurisdiction "'must appear on the face of a plaintiff's well-pleaded complaint.'" *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Thus, the "complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Id.*

Here, plaintiff asserts, without explanation, that "[t]his case is within federal jurisdiction." Doc. 1 at 1. But the Complaint doesn't identify any federal statute providing for jurisdiction. Nor does it allege any facts to establish diversity jurisdiction. The bare assertion of the court's jurisdiction, without more, is insufficient to invoke federal jurisdiction. *See Payn v. Kelley*, 702 F. App'x 730, 773 (10th Cir. 2017) (affirming dismissal for lack of subject-matter

2

jurisdiction when plaintiff did not state any "colorable claim arising under federal law.");
*Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382, at *3 (10th Cir. Sept. 18, 2023) (affirming district court's dismissal where complaint failed to allege citizenship of parties and facts sufficient to establish requisite amount in controversy).  And publicly available information suggests that defendants reside in New York—it is unclear how or why this court in Kansas would have personal jurisdiction over them.[2]  The court thus concludes that dismissal is proper.

Because the Complaint fails to state a claim, fails to comply with Rule 8, and does not establish subject-matter jurisdiction, dismissal is warranted.  The court may sua sponte dismiss a complaint that is patently deficient.  *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018).  A PACER search also reveals that a Kelly Ross has sued a Joy Campanelli and others in 22 different federal courts in March 2026.  This suggests an abuse of the legal process.

**IT IS THEREFORE ORDERED THAT** this case is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** the pending Motion to Proceed Without Prepaying Fees or Costs (Doc. 2) is dismissed as moot.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2026, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[2]     Plaintiff's address is in Houston, Texas, which further raises questions about whether, how, or why Kansas is a proper venue.

3